UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DENNIS WILSON<br>210 Kennet Court NW<br>Canton, OH 44708<br><br>*On behalf of himself and all others similarly situated,*<br><br>      Plaintiff,<br><br>  *v.*<br><br>GROLAWN, INCORPORATED<br>900 9th Street<br>Canton, OH 44706<br><br>  and<br><br>JOHN ABEL<br>809 Marion Ave SW<br>Canton, OH 44707-4251<br><br>      Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Dennis Wilson, by and through counsel, for his Collective Action Complaint against Defendants Grolawn, Incorporated (hereinafter "Grolawn") and John Abel (hereinafter collectively referred to as "Defendants"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge the policies and practices of Defendants Grolawn and John Abel that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the laws of the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more

employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff Dennis Wilson was a citizen of the United States and a resident of Stark County, Ohio.

6. Defendant Grolawn is an Ohio for profit limited liability company with its principal place of business in Stark County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Grolawn, Incorporated controls the trade name, and does business as, "Grolawn."

7. Defendant John Abel is, upon information and belief, a citizen of the United States and a resident of Stark County, Ohio. Defendant John Abel is the President and owner of Defendant Grolawn.

## FACTUAL ALLEGATIONS

### Defendants' Business

8.  Defendant Grolawn is a lawn care company, which provides, among other things, lawn fertilization, weed control, and surface insect control services. Defendant Grolawn operates out of two addresses: 900 9th Street Canton, OH 44706 and 809 Marion Ave SW Canton, OH 44707. Grolawn employs lawn technicians ("lawn techs") who perform primarily manual labor for Defendants' lawn care customers.

### Defendants' Statuses as Employers

9.  At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt hourly employees, including Plaintiff.

10. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

11. Defendant John Abel is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Grolawn, "in relation to employees," including Plaintiff and other members of the FLSA Collective. Defendant John Abel is also an employer pursuant to O.R.C. Chapter 4111, and had operational control over significant aspects of Grolawn's day-to-day functions, including the compensation of employees.

12. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. Upon information and belief, Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

### Plaintiff's and the FLSA Collective's Non-Exempt Employment Statuses with Defendants

14. Plaintiff Dennis Wilson was employed by Defendants from approximately April 2019 to December 2019 as a lawn tech.

15. Part of Plaintiff's and the FLSA Collective's job duties included regularly and recurrently handling multiple goods and products that have been produced or moved in interstate commerce that were necessary for Defendants' commercial purpose and regular and recurrent use of the instrumentalities of interstate commerce to perform their job duties.

16. At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq.*

17. At all times relevant, Plaintiff and the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Defendants' Failure to Pay Overtime Compensation

18. During their employment with Defendants, Plaintiff and the FLSA Collective were required to work substantial amounts of overtime.

19. For example, Plaintiff Dennis Wilson regularly worked approximately 54-56 hours per week as a lawn tech. He was typically paid a salary of between $1700 a month and $1960 a month, an additional payment of $75 for working a half day on Saturday, and $150 for working a full day on Saturday.

20. The FLSA, 29 U.S.C. § 213, provides certain "exemptions" from the minimum wage and maximum hour requirements contained within 29 U.S.C. §§ 206 and 207. For example, § 213(a)(1) provides an exemption for certain workers employed in a bona fide executive, administrative, or professional capacity. However, Plaintiff was not a bona fide exempt employee and should have had overtime factored into his salary and Saturday premium pay.

4

21. Instead of compensating Plaintiff and the FLSA Collective at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants regularly paid Plaintiff and the FLSA Collective less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

22. Although Defendants suffered and permitted Plaintiff and the FLSA Collective to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff and the FLSA Collective overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and the FLSA Collective were not properly paid overtime for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

23. Defendants' failure to compensate Plaintiff and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

### Defendants' Record Keeping Violations

24. The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time.  29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.  For example, Ohio law provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed."  Ohio Const. Art. II, § 34a.

25. Defendants violated federal and state record-keeping requirements by failing to maintain accurate and complete records of employees' time.

**The Willfulness of Defendants' Violations**

26. Defendants knew that Plaintiff and the FLSA Collective were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

27. Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

28. The above payroll practices resulted in overtime violations of the FLSA, 29 U.S.C. §§ 201-219, and O.R.C. Chapter 4111.

**COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

31. The FLSA Collective consists of:

All present and former lawn technicians and employees with similar job titles and/or duties of Defendants during the period of three years preceding the commencement of this action to the present.

32. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

6

33. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

34. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 10 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

## COUNT ONE
### (FLSA Overtime Violations)

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

37. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

38. Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

39. Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

40. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

41. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29

U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

44. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

45. Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

46. These violations of Ohio law injured Plaintiff and the FLSA Collective in that they did not receive wages due to them pursuant to that statute.

47. O.R.C. 4111.10(A) provides that Defendants, having violated O.R.C. 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

D. Award Plaintiff compensatory and punitive damages, his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                             *s/ Ryan A. Winters*
                                             Ryan A. Winters (0086917)